MAX ROSMAN and Others, Plaintiffs, *v.* UNITED STRICTLY KOSHER BUTCHERS, U. V. LOCAL No. 1, BRONX, INC.; Defendant.

Supreme Court, Special Term, Bronx County, June 15, 1937.

*Jacques Buitenkant*, for the motion.

*Nathan Immerman*, opposed.

MILLER, J. This is an application by the plaintiff Rosman and other meat dealers, members of Progressive Butchers Association, to restrain defendant from patrolling in the vicinity of Rosman's meat market with placards. These signs contain a writing to the public to the effect that the sale of Kosher poultry by the poultry stand in Rosman's market is no indication that the other meat sold is Kosher. The sign is absolutely truthful. Rosman admits he does not sell Kosher meat. There is weight in defendant's argument that Rosman opened a poultry Kosher department as a means of profiting from the business of unwary purchasers who might infer from the sign in the poultry department that the entire market

sells Kosher meat. I also am impressed with the view of George Ringler, supervisor of the Kosher Law Enforcement Division of the Department of Agriculture. He states in his affidavit: " After examining the exhibits annexed to the complaint, I am of the opinion that defendant is performing a public service when it notifies those citizens who desire to purchase Kosher meat that plaintiffs sell only non-Kosher meat." The right of giving public information of this character in a forcible manner is not limited to labor disputes. (*Julie Baking Co., Inc.*, v. *Graymond*, 152 Misc. 846. See, also, case noted in 99 A. L. R. 533, citing a number of cases sustaining the right to picket in other than labor disputes.)

The motion for an injunction is denied.